NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-50363 |
| Plaintiff-Appellee, | D.C. No. 8:12-cr-00234-JVS-1 |
| v. | |
| PATRICIA DIANE SMITH SLEDGE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted March 7, 2019[**]
Pasadena, California

Before:  M. SMITH and OWENS, Circuit Judges, and SETTLE,[***] District Judge.

Patricia Sledge appeals from her jury conviction and sentence for mail fraud,

in violation of 18 U.S.C. § 1341, and witness tampering, in violation of 18 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

§ 1512(b)(3). Sledge, a sales associate for American Family Life Assurance Company ("AFLAC"), orchestrated a large-scale insurance fraud scheme. As the parties are familiar with the facts, we do not recount them here. We affirm.

1. There was sufficient evidence to support Sledge's two witness tampering convictions under 18 U.S.C. § 1512(b)(3). Section 1512(b) prohibits, among other things, attempting to "corruptly persuade[]" a witness to lie to investigators. 18 U.S.C. § 1512(b). This language encompasses "non-coercive attempts to persuade witnesses to lie to investigators." *United States v. Khatami*, 280 F.3d 907, 914 (9th Cir. 2002). Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that Sledge attempted to corruptly persuade the two witnesses to lie to investigators. *See United States v. Pelisamen*, 641 F.3d 399, 409 n.6 (9th Cir. 2011) (setting forth sufficiency-of-the-evidence standard of review).

2. The district court did not abuse its discretion by admitting Exhibit 1, a spreadsheet summarizing the insurance policies and claims generated by Sledge that AFLAC identified as fraudulent. AFLAC analyst Susan Gonzales testified that she created the spreadsheet, which pulled data from an AFLAC database of policy and claims information, at the request of an AFLAC investigator as part of the company's internal investigation. The district court admitted Exhibit 1 under Federal Rule of Evidence 1006, which allows for summary charts of voluminous

2

records.  *See* Fed. R. Evid. 1006; *United States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011) (discussing Rule 1006); *see also* Fed. R. Evid. 803(6) (records of regularly conducted activity are not hearsay).

Contrary to Sledge's contention, Gonzales had personal knowledge of the spreadsheet as its creator.  Gonzales's lack of personal knowledge about whether the summarized policies and claims were in fact fraudulent affects the weight of Exhibit 1, not its admissibility.  *See Rizk*, 660 F.3d at 1131 n.2.

Further, admission of Exhibit 1 did not violate Sledge's Confrontation Clause rights because the spreadsheet was not based on any hearsay from the AFLAC investigator.  Gonzales only mentioned the investigator to explain why she prepared the spreadsheet (i.e., its effect on the listener), not for the truth of any statement by the investigator.  *See United States v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991) (holding that challenged testimony was not hearsay because it was properly admitted to show its effect on the listener, rather than the truth of the matter asserted).

3.      The prosecutor did not engage in misconduct by referring to Exhibit 1 in closing argument.  The record shows that the prosecutor correctly described Exhibit 1 as summarizing the policies and claims that AFLAC had identified as fraudulent.  Moreover, aside from AFLAC's identification, there was independent evidence in the record supporting the notion that the policies and claims listed in

3

Exhibit 1 were in fact fraudulent.

4.      Finally, during sentencing, the district court did not clearly err in finding that the amount of loss attributable to Sledge's fraudulent scheme was over $4.1 million, resulting in an 18-level enhancement under U.S.S.G § 2B1.1(b)(1)(J). *See United States v. Garro*, 517 F.3d 1163, 1167 (9th Cir. 2008) ("A calculation of the amount of loss is a factual finding reviewed for clear error.").  Likewise, the court did not clearly err in ordering restitution of over $4.1 million under the Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3663A(c)(1)(A)(ii). *See United States v. De La Fuente*, 353 F.3d 766, 772 (9th Cir. 2003) (stating that factual findings supporting a restitution order are reviewed for clear error).

**AFFIRMED**.